UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRADY HUDSON,
    Plaintiff,

                 No. 1:09-cv-185

-v-

                 HONORABLE PAUL L. MALONEY

KATIE MAYNARD, ET AL.,
    Defendants.

ORDER GRANTING OBJECTION TO ORDER OF MAGISTRATE JUDGE

Plaintiff Hudson, a prisoner under the control of the Michigan Department of Corrections (MDOC), filed a civil rights suit under 42 U.S.C. § 1983 against several MDOC employees. Plaintiff Hudson objects to an order of the magistrate judge dismissing as premature a motion to dismiss and denying a motion for a default judgment.

BACKGROUND

The complaint was entered on February 25, 2009. On order of the magistrate judge, Plaintiff filed an amended complaint April 13, 2009. The magistrate judge reviewed the amended complaint under 28 U.S.C. § 1915(e), § 1915A, and 42 U.S.C. § 1997e(c). The magistrate judge concluded the complaint was not subject to dismissal and ordered the complaint to be served on Defendants. (Dkt. No. 9.) On May 22, 2009, Plaintiff filed a motion for summary judgment. (Dkt. No. 14.) On June 18, 2009, counsel filed an appearance on behalf of the three named Defendants. (Dkt. No. 18.) The same day, Defendants moved (Dkt. No. 19) for and were granted (Dkt. No. 22) an extension of time, until August 24, 2009, to respond to the complaint. On July 2, 2009, proof of service of the summons and complaint was filed, indicating the named Defendants had been served on June 10 and 11. (Dkt. No. 23.) On July 20, 2009, Plaintiff filed a motion for default judgment against Defendants, arguing they failed to contest the motion for summary judgment or to file for an

extension of time to respond to the motion. (Dkt. No. 24.) The magistrate judge dismissed the motion for summary judgment as premature, reasoning Defendants were not obligated to respond to the amended complaint until August 24. The magistrate judge dismissed the motion for default judgment because it lacked merit as it was based on the failure to respond to the motion for summary judgment.

ANALYSIS

Rule 72(a) allows a party to object to a ruling by a magistrate judge by filing objections in the district court where the case is assigned. Fed. R. Civ. P. 72(a). Under the Rule, the district court judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* When determining dispositive motions, unless otherwise agreed by the parties, a magistrate judge shall issue a report and recommendation for disposition. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1); W.D. L.Civ.R. 72.1(c). A motion for summary judgment is a dispositive motion requiring a report and recommendation. *See* 28 U.S.C. § 636(b)(1); W.D. Mich. L.Civ.R. 72.1(c)(i)(C). Default judgments are also considered dispositive motions requiring a report and recommendation. *See Callier v. Gray*, 167 F.3d 977, 981 (6th Cir. 1999). The magistrate judge's dismissal of the two motions was contrary to law. Both motions were dispositive motions requiring a report and recommendation rather than ruling. Accordingly, Plaintiff's objection is **GRANTED**. The order dismissing the two motions (Dkt. No. 28) is **VACATED**. Plaintiff's motion for summary judgment (Dkt. No. 14) and motion for default judgment (Dkt. No. 24) are **REINSTATED**. **IT IS SO ORDERED.**

Date:   May 18, 2010                                                    /s/ Paul L. Maloney
                                                                       Paul L. Maloney
                                                                       Chief, United States District Judge