UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | | |
|---|---|---|
| GRADY HUDSON, # 274187, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:09-cv-185 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| KATIE MAYNARD, et al., | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The matter is now before me on plaintiff's motion for default judgment. (docket # 24). Plaintiff seeks entry of a "Default Judgment on Plaintiff's Motion for Summary Judgment, pursuant to Fed R Civ P 55(b) on the ground that Defendants have failed to respond pursuant to Fed R Civ P 56(e)." (Plf. Motion at 1). Upon review, I recommend that plaintiff's premature and frivolous motion for a default judgment be denied.

**Proposed Findings of Fact**

On May 22, 2009, plaintiff filed a motion for summary judgment. Plaintiff did not serve this motion (docket # 14) and supporting brief (docket # 15) on defendants.

On June 10 and 11, 2009, the summons and complaint were served. (docket # 23). Defendants' attorney filed an appearance on June 18, 2009, and requested an extension of time within which to file an answer or other response permitted by the Federal Rules of Civil Procedure. The court entered an order on June 18, 2009, granting defendants an extension until August 24,

2009, to file their response. (docket # 22). On July 20, 2009, more than a month before defendants' response to plaintiff's amended complaint was due, plaintiff filed his motion for a default judgment. (docket # 24).

On August 24, 2009, the court entered an order granting defendants' second motion for enlargement of time to file a response to plaintiff's complaint. Defendants were required to file their response on or before September 23, 2009. (docket # 34). On September 23, 2009, defendants filed their motion for summary judgment. (docket # 35).

## **Discussion**

It is patent that plaintiff is not entitled to a default judgment. His motion was premature because he filed it before any default was or could have been entered. Further, it is well established that a default judgment cannot be based on a party's failure to respond to a summary judgment motion.

**1.**

Plaintiff's motion for a default judgment was premature because he filed it before a default was entered. *See Heard v. Caruso*, 351 F. App'x. 1, 15-16 (6th Cir. 2009). Entry of a default is a prerequisite to obtaining a default judgment. "Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)." 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2682, at 13 (3d ed.1998).

**2.**

Plaintiff has conflated two distinct concepts: pleadings and summary judgment motions. Defaults are entered based on a failure to "plead or otherwise defend." FED. R. CIV. P. 55(a). The pleadings are defined by Rule 7(a) of the Federal Rules of Civil Procedure:

(a) Pleadings. Only these pleadings are allowed:

(1) a complaint;

(2) an answer to a complaint;

(3) an answer to a counterclaim designated as a counterclaim;

(4) an answer to a crossclaim;

(5) a third-party complaint;

(6) an answer to a third-party complaint; and

(7) if the court orders one, a reply to an answer.

FED. R. CIV. P. 7(a). Rule 7(a) "provides an exclusive list of pleadings." *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003). Plaintiff's motion for summary judgment is not a pleading. *See e.g., Adams v. Calhoun County Corr. Fac.*, No. 1:08-cv-1192, 2010 WL 882833, at * 4 (W.D. Mich. Mar. 9, 2010); *Clark v. Fountain*, No. 08-11255, 2009 WL 3199060, at * 6 (E.D. Mich. Sept. 29, 2009). A default under Rule 55 cannot be based on the absence of a response to a summary judgment motion. *See Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 415-16 (4th Cir. 1993); *see also Plummer v. Goodwin*, No. 8:07-2741, 2009 WL 3428073, at * 1 (D.S.C. Oct. 20, 2009) ("[S]ummary judgment is different from default and Rule 55(a) does not apply to a motion for summary judgment."); *Wolfe v. United States*, No. 2:07-cv-560, 2009 WL 1080852, at * 2 (S.D. W. Va. Apr. 22, 2009) ("Although Federal Rule of Civil Procedure 55 provides for default procedures, those

procedures do not govern the failure of a party to respond to a summary judgment motion."); *accord Endsley v. City of Macon, Ga.* 321 F. App'x. 811, 812-813 (11th Cir. 2008); *Vermont Teddy Bear Co. v. 1-800 Beargram Co*, 373 F.3d 241, 242 (2d Cir. 2004) ("Fed. R. Civ. P. 56, governing summary judgment motions, does not embrace default principles.").

There has never been a basis for entry of a default in this case. Plaintiff filed motion for a default judgment more than a month before defendants' response to his first amended complaint was initially due. Defendants' September 23, 2009 motion for summary judgment was timely. There is no basis for a default or a default judgment when a party files its response within the time limits established by the court's orders.[1] *See Wright-Hines v. Commissioner*, 597 F.3d 392, 396 (6th Cir. 2010).

**3.**

This report and recommendation does not address the substantive merits of plaintiff's summary judgment motion. It is appropriate to note at this juncture that plaintiff is not entitled to summary judgment, because plaintiff never served his motion on defendants. *See* FED. R. CIV. P. 5(b). He cannot expect a response to a motion that he never served. Although I could recommend dismissal of plaintiff's motion based on this defect, I have not done so. Instead, I have entered an order setting a schedule for the parties to complete briefing on plaintiff's motion, after which time

---

[1]Even if defendants had missed the deadline, it would not provide a basis for entry of a default judgment. *See United States v. $22,050.00 United States Currency*, 595 F.3d 318, 322 (6th Cir. 2010) ("[O]ur cases discussing motions to set aside default under Rule 55(c) are extremely forgiving to the defaulted party . . . ."); *Miller v. Palmer*, No. 99-2352, 2000 WL 1478357, at * 2 (6th Cir. Sept. 27, 2000) (A motion filed four days beyond the applicable deadline was not "so extreme as to warrant relief in the form of a default judgment, as such conduct does not demonstrate a failure to plead or otherwise defend.").

the cross-motions for summary judgment will be ready for decision. Defendants must receive an opportunity to file their response, otherwise any judgment that plaintiff might obtain would be subject to appellate reversal.

Even assuming *arguendo* that the aforementioned procedural defects did not exist, plaintiff would not be entitled to summary judgment based solely on the absence of a response to his motion for summary judgment. *See Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991); *accord Cacevic v. City of Hazel Park*, 226 F.3d 483, 486 (6th Cir. 2000). Rather, the court is required to examine the movant's summary judgment motion to ensure that he has discharged his burden. This is a significant hurdle because plaintiff has the burden of proof. *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). On his motion for summary judgment, plaintiff's showing "must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).

## **Recommended Disposition**

For the reasons set forth herein, I recommend that plaintiff's motion for a default judgment (docket # 24) be denied.

Dated: May 26, 2010          /s/ Joseph G. Scoville
                              United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file

timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).