UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRADY HUDSON,
        Plaintiff,

No. 1:09-cv-185

-v-

HONORABLE PAUL L. MALONEY

KATIE MAYNARD, ET AL.,
        Defendants.

## ORDER DENYING APPEAL OF MAGISTRATE JUDGE ORDER, ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTION, AND ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff Grady Hudson, a prisoner under the control of the Michigan Department of Corrections (MDOC), filed a civil rights complaint against several MDOC employees under 42 U.S.C. § 1983. The magistrate judge ordered (Dkt. No. 44) Defendants to file a response to Plaintiff's motion for summary judgment. The magistrate judge also issued a report (Dkt. No. 45) recommending Plaintiff's motion for default judgment be denied. Plaintiff filed a document entitled "Appeal of Magistrate's Order (Doc # 44), and, Objection To Magistrate's Report and Recommendation (Doc # 45)." (Dkt. No. 52.) Defendants filed a response (Dkt. No. 58) to Plaintiff's combined appeal and objection, pursuant to a court order.

**BACKGROUND**

Plaintiff filed an amended complaint, which was received by the court on April 13, 2009. (Dkt. No. 8.) On May 22, 2009, the court received Plaintiff's motion for summary judgment. (Dkt. No. 14.) On June 18, 2009, counsel for Defendants filed an appearance. (Dkt. No. 21.) The same day, the magistrate judge granted (Dkt. No. 22) Defendants additional time to file a responsive pleading, with the response due on August 24, 2009. On July 20, 2009, Plaintiff filed a motion for

default judgment. (Dkt. No. 24.) On August 5, 2009 the magistrate judge issued an order (Dkt. No. 28) denying Plaintiff's motion for default judgment and dismissing, as premature, Plaintiff's motion for summary judgment. On Plaintiff's appeal, this court reversed the magistrate judge's order, finding both Plaintiff's motions were dispositive, and reinstated Plaintiff's motions. (Dkt. No. 43.) On May 26, 2010, the magistrate judge issued the order for Defendant's to respond (Dkt. No. 44) to the motion for summary judgment. The same day, the magistrate judge issued the report (Dkt. No. 45) recommending Plaintiff's motion for default judgment be denied. Plaintiff filed this appeal and objection.

**ANALYSIS**

      A. Order for Defendants to Respond (Dkt. No. 44)

Plaintiff appeals the order requiring Defendants to file a response to his motion for summary judgment. Plaintiff argues his motion for summary judgment was timely filed under Fed. R. Civ. P. 56(a)(1), Defendants were served with a copy of the motion, and Defendants failed to timely respond to the motion. In their response, Defendants argue Plaintiff's appeal is not timely, their delay in responding to the motion for summary judgment was excusable, and they had no obligation to respond.

Rule 72(a) allows a party to object to a ruling by a magistrate judge by filing objections in the district court where the case is assigned. Fed. R. Civ. P. 72(a). Under the Rule, the district court judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* The United States Supreme Court and the Sixth Circuit Court of Appeals have stated that "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that

2

a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the clearly erroneous standard under Rule 52(a)); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992) (quoting *U.S. Gypsum Co.*); *see also United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (explaining the standard under Rule 72(a)). This standard does not empower a reviewing court to reverse the magistrate judge's finding because it would have decided the matter differently. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)).

Under Rule 72(a), a district court reviews the legal conclusions of a magistrate judge under the "contrary to law" standard. *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992). The reviewing court must exercise independent judgment with respect to those legal conclusions and may overturn those conclusions which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent. *Id.* (quoting *Adolph Coors Co. v. Wallace*, 570 F.Supp. 202, 205 (N.D. Cal. 1983)); *see also Botta v. Barnhart*, 475 F. Supp.2d 174, (E.D.N.Y. 2007) ("An order is clearly contrary to law 'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" (quoting *Catskill Dev., LLC v. Park Place Entrn't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002))).

Plaintiff's appeal was not untimely. Plaintiff had 14 days to appeal the magistrate judge's order requiring Defendants to respond to the motion for summary judgment. *See* Fed. R. Civ. P. 72(a); W.D. Mich. L.Civ.R. 72.3(a). The electronic court file (ECF) shows the order was mailed to Plaintiff, along with the report and recommendation, on May 26, 2010. The envelope containing the order and report, attached to Plaintiff's appeal and objection (Dkt. No. 52-1, PgID# 376) shows additional postage was placed on the envelope on June 7, 2010 and that the envelope was received

3

by the MDOC institution on either June 8 or June 9, 2010. Although no additional entry was made in the ECF, the court will assume additional postage was necessary to complete service. Plaintiff's appeal and objection was received by the clerk and docketed on June 16, less than 14 days after the envelope, with sufficient postage, was placed in the mail.

Plaintiff has not established that the magistrate judge's order was either clearly erroneous or contrary to law. Plaintiff's motion for summary judgment was timely filed; it was filed more than 21 days after the amended complaint was filed. *See* Fed. R. Civ. P. 56(a)(1).[1] Under the local rules, a party has 28 days to file a response to a dispositive motion. *See* W.D. L.Civ.R. 7.2(c). District courts have held that, although the Federal Rules authorize the complaining party to file a motion for summary judgment before a responsive pleading has been filed, the court has discretion to dismiss, without prejudice, the motion as premature when a review of the motion reveals the potential for a genuine issue of material fact.[2] *See CBS Interactive Inc. v. Nat'l Football League Players Ass'n, Inc.*, 259 F.R.D. 398, 416-17 (D. Minn. 2009); *First American Bank, N.A. v. United Equity Corp.*, 89 F.R.D. 81, 87 (D.D.C 1981); *Stuart Inv. Co. v. Westinghouse Elec. Corp.*, 11 F.R.D. 277, 280 (D. Neb. 1951); *see also* 10A CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY K. KANE, FEDERAL PRACTICE AND PROCEDURE, § 2717 (3d ed. 1998). In this case, Defendants had not yet filed a responsive pleading when the magistrate judge dismissed Plaintiff's motion as premature. When this court reinstated Plaintiffs' motion for summary judgment, the magistrate

---

[1]The rule was amended in December 2009. In resolving this issue, the version of the rule in effect prior to December 2009 controls.

[2]The December 2009 amendments to the rule allow the party responding to a motion for summary judge to file its response 21 days after the motion is served or 21 days after a responsive pleading is due, whichever is later. *See* Fed. R. Civ. P. 56(c)(1)(B).

judge properly ordered Defendants to file a response to the motion. Accordingly, the magistrate judge's order (Dkt. No. 44) is affirmed, and Plaintiff's appeal is DENIED.

B. Report and Recommendation (Dkt. No. 45)

The magistrate judge recommends Plaintiff's motion for default judgment be denied. Plaintiff's motion (Dkt. No. 24) is premised on Defendants' failure to respond to Plaintiff's motion for summary judgment. The magistrate judge concludes Plaintiff did not serve the motion for summary judgment or brief in support on Defendants. The magistrate judge also concludes Plaintiff is not entitled to default judgment because no default had been entered. Plaintiff objects. Plaintiff argues he did serve Defendants with the motion and the supporting brief. Plaintiff argues Defendants have never sought additional time to respond to his summary judgment motion and the court should analyze his summary judgment motion without Defendants' response.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide *de novo* review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1);

5

Fed. R. Civ. P. 72(b).

Having reviewed the report and recommendation *de novo*, the report is ADOPTED, over objections, as the opinion of this court. Plaintiff is not entitled to default judgment because default has not been entered against Defendants. At this point, there is no basis for entry of default against Defendants. The court has already resolved the question of whether the magistrate judge properly allowed Defendants time to file a response to Plaintiff's motion for summary judgment. The court does note that Plaintiff filed a certificate of service (Dkt. No. 17) of the motion and supporting brief on each Defendant.

**CONCLUSION**

The issues addressed herein have been resolved against Plaintiff. The magistrate judge properly allowed Defendants an opportunity to respond to Plaintiff's motion for summary judgment. Plaintiff is not entitled to default judgment.

ORDER

For the reasons provided above, **IT IS HEREBY ORDERED**

1. Plaintiff's appeal (Dkt. No. 52) of the magistrate judge's order for Defendants to respond to Plaintiff's motion for summary judgment is DENIED.

2. The report and recommendation (Dkt. No. 45) is ADOPTED, over objections, as the opinion of this court.

3. Plaintiff's motion for default judgment (Dkt. No. 24) is DENIED.

Date: July 12, 2010 /s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge