UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRADY HUDSON,                    )
      Plaintiff,              )
                               )  No. 1:09-cv-185
-v-                              )
                               )  HONORABLE PAUL L. MALONEY
KATIE MAYNARD, et al.,           )
      Defendants.             )
_____)

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on a report and recommendation issued by the magistrate judge. (ECF No. 61.)

Plaintiff Grady Hudson, a prisoner under the control of the Michigan Department of Corrections ("MDOC"), filed a civil rights complaint under 42 U.S.C. § 1983 against three MDOC employees. The complaint, as amended, alleges the three employees failed to timely and properly mail his application for leave to appeal to the Michigan Court of Appeals. Plaintiff filed a motion for summary judgment. (ECF No. 14.) Defendants also filed a motion for summary judgment. (ECF No. 35.) The magistrate judge reviewed the motions and issued a report recommending Plaintiff's motion be denied and Defendants' motion be granted. (ECF No. 61.) Plaintiff timely filed objections. (ECF No. 63.)

### STANDARD OF REVIEW

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are

frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## ANALYSIS

The Court has reviewed the report and recommendation and Plaintiff's objections. Where Plaintiff has asserted specific objections, the Court has reviewed the motions, responses, relevant exhibits, and pertinent legal authority.

Plaintiff has not addressed the magistrate judge's recommendation that the claims for declaratory relief should be dismissed as moot. That conclusion is ADOPTED.

Plaintiff's first two objections address facts in the R&R that are not material to the Plaintiff's civil rights complaint or either of the two motions for summary judgment. Accordingly, Plaintiff's objection 1 and objection 2 are OVERRULED.

The magistrate judge concludes Plaintiff did not exhaust his administrative remedies and, on that basis, recommends granting Defendants' motion for summary judgment. Plaintiff's third objection addresses this conclusion and recommendation. Plaintiff puts forth two arguments: (1) Defendants failed to enforce the MDOC procedural rules and therefore they cannot rely on the affirmative defense, and (2) the issue raised in the complaint is not grievable under the MDOC's policy directive.

Plaintiff's objection 3 is OVERRULED. The report and recommendation accurately summarizes

the relevant facts and correctly sets forth the applicable law. Plaintiff's grievance was appropriately denied as untimely. Plaintiff's reliance on *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010) does not alter this conclusion. There, the circuit court held that when the MDOC opts to address a procedurally defective grievance on the merits, it cannot later rely on the procedural defect. Here, the MDOC rejected Plaintiff's grievance, at all three stages, as untimely and now relies on that same defect as a basis for dismissing Plaintiff's lawsuit. Plaintiff's assertion that Defendant Groves should not have been involved in reviewing his grievance is not persuasive. Plaintiff has cited no authority to establish that Defendant Grove's involvement, even if contrary to the MDOC policy directive, somehow absolves Plaintiff of the untimeliness of his grievance. Furthermore, even though Defendant Grove is mentioned in the grievance, it is not clear from the grievance that Defendant Grove's conduct is at issue.

Plaintiff's other argument, that the issue is not grievable, lacks merit. Plaintiff asserts the issue is not grievable because the issue is not within the MDOC's ability to resolve. Plaintiff is incorrect. The issue is whether the Defendants conduct, their alleged slothful processing of Plaintiff's mail, amounts to a constitutional violation. Defendants' conduct is certainly within the MDOC's ability to address. "The mishandling of prisoner mail is the type of matter that is grievable through MDOC's grievance process." *Payette v. Caruso*, 2:09-cv-22, 2010 WL 2926582, at * 3 (W.D. Mich. July 1, 2010); *see e.g., Sims v. Landrum*, 170 F. App'x 954, (6th Cir. 2006) (involving a grievance by a prisoner alleging that prison employees did not timely process mail and caused the prisoner to miss the deadline for filing an application for leave to appeal with the Michigan Supreme Court).[1]

The magistrate judge concludes Plaintiff's claims under the First, Fifth, Sixth, and Fourteenth

---

[1] In *Sims*, the circuit court ultimately found that the prison employees followed the MDOC policy directive for handling prison mail, which undermined Plaintiff's assertion that their conduct amounted to some constitutional violation.

3

Amendments, and Plaintiff's claims under 42 U.S.C. § 1985, all lack a factual basis. Plaintiff objects to this recommendation in his last two objections. Plaintiff's objection 5 and objection 6 are OVERRULED. Plaintiff fails to address the specific analysis and reasoning provided in the R&R.

For the reasons provided above, **IT IS HEREBY ORDERED:**

1. The report and recommendation (ECF No. 61) is **ADOPTED**, over objections, as the opinion of this Court.

2. Defendants' motion for summary judgment (ECF No. 35) is **GRANTED.** Because Plaintiff failed to exhaust his administrative remedies, his claims against Defendants are **DISMISSED.**

**3.** Plaintiff's motion for summary judgment (ECF No. 14) is **DENIED.** Plaintiff's claims for declaratory relief became moot when he was transferred from the facility where the underlying events occurred. The complaint fails to allege a sufficient factual basis for Plaintiff's remaining claims. Accordingly, those claims against Defendants are **DISMISSED.**

Date:   July 29, 2011                              /s/ Paul L. Maloney
                                                   Paul L. Maloney
                                                   Chief United States District Judge